IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Rothschild Connected Devices Innovations, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>Mercedes-Benz USA, LLC<br><br>     Defendant. | CIV. NO. 2:15-CV-01880-JRG-RSP |

**MERCEDES-BENZ USA LLC'S
<u>MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>**

Defendant Mercedes-Benz USA, LLC ("MBUSA") hereby moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order to dismiss, in part, the complaint of Plaintiff Rothschild Connected Devices Innovations, LLC ("Rothschild") for failing to adequately set forth a claim for indirect infringement, *i.e.*, either inducement or contributory infringement, of U.S. Patent No. 8,788,090 (the "'090 patent").[1]

---

[1] In view of the present motion, MBUSA is not contemporaneously filing an answer to the remainder of Rothschild's claims.  MBUSA will file its answer to any claims remaining in response to the Court's resolution of the present motion.  *Ideal Instrum., Inc. v. Rivard Instrum., Inc.*, 434 F. Supp.2d 598, 639 (N.D. Iowa 2006) ("Therefore, this court…holds that a motion pursuant to Rule 12(b), even one that challenges less than all claims asserted in the complaint or other pleading, extends the time to answer as to all claims in the pleading."); *see also Batdorf v. Trans Union*, No. C 00-0501 CRB, 2000 WL 635445, at * 4-5 (N.D. Cal. May 8, 2000) ("The filing of a motion to dismiss the other causes of action enlarged the time for [defendants] to respond to the entire complaint, including those causes of action it did not move to dismiss.").

**<u>DEFENDANT'S MOTION TO DISMISS</u> – Page 1**

## I. INTRODUCTION

Rothschild alleges that MBUSA infringes the '090 patent "through acts of contributory infringement or inducement" (Dkt. No. 1, ¶ 13), but does so in conclusory fashion. Rothschild provides no factual bases, which, if assumed true, support a finding that any, let alone each, element of a claim of inducement or contributory infringement is met. Specifically, Rothschild fails to allege that MBUSA had the knowledge of any alleged infringement required for both inducement and contributory infringement, or allege facts to support a plausible inference that MBUSA had such knowledge. Rothschild also fails to allege that MBUSA had the "specific intent" required for claims of induced infringement; or that the accused products are especially made or adapted for use in infringement and have "no substantial non-infringing uses" as required for claims of contributory infringement.

For these reasons, respectfully, the Court should dismiss Rothschild's claims of indirect infringement.

## II. FACT BACKGROUND

Rothschild filed its Complaint on November 25, 2015. (Dkt. No. 1.) In the Complaint, Rothschild alleges that MBUSA "has infringed and continues to infringe the '090 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271." (Dkt. No. 1, ¶ 13.) But this is the sum total of Rothschild's inducement and contributory infringement allegations; the Complaint provides no factual allegations in support of these claims. Rothschild's infringement allegations are set forth in their entirety in paragraphs 13 and 14 of the Complaint:

> 13. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least claim 1, of the '090 patent by making, using, importing, selling, and/or offering for sale a customizable system to remotely control available automobile functions covered by one or more claims of the '090 patent. Defendant has infringed and continues to infringe the '090 patent either

> directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.
>
> 14. Defendant sells, offers to sell, and/or uses systems, including, without limitation, the Mercedes MBrace system, and related connectable components, which may operate in connection with these systems, which infringe at least Claim 1 of the '090 Patent. These systems and components allow a user to remotely customize the operation of various functions in a car, such as charging, door locks, heating and ventilation, and the like. The user can set preferences through the use of an app which may reside, for example, on a smart phone. Through a login process, a remote server receives the identity of the car and the identity of a user, retrieves the user's preferences, and transmits those preferences to a communication module within the vehicle.

Rothschild does not allege that MBUSA knew of the '090 patent, nor does it allege that MBUSA intended to encourage another's infringement, both of which are required to establish infringement by inducement under § 271(b). (*Id*., ¶¶ 13-14.)  Nor does Rothschild allege that MBUSA knew that the accused products or any component thereof were patented and infringing, were especially made or adapted for use in infringement, and have no substantial non-infringing uses, which are requirements for contributory infringement under § 271(c). (*Id*.)

## III.    LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  Determining the plausibility of a complaint is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.  Although a court must assume that the facts presented by the plaintiff are true, this assumption excludes "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]"  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *City of Clinton, Ark. v. Pilgrim's Pride Corp.,* 632 F.3d 148, 152-53 (5th Cir. 2010).  Consequently, it is not enough for a

complaint to "plead[] facts that are 'merely consistent with' a defendant's liability[.]" *Iqbal*, 556 U.S. at 678.  Courts in the Fifth Circuit[2] routinely dismiss patent infringement complaints for failing to meet the pleading requirements of *Twombly/Iqbal*.  *See*, *e.g.*, *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-cv-752, 2015 WL 4910427, at *1, 4-5 (E.D. Tex. Aug. 14, 2015); *InMotion Imagery Technologies v. Brain Damage Films*, No. 2:11-cv-414, 2012 WL 3283371, at *4 (E.D. Tex. Aug. 10, 2012); *Realtime Data, LLC v. Stanley*, 721 F.Supp.2d 538, 539-40, 543-45 (E.D. Tex. 2010).

IV.   **ARGUMENT**

A claim of indirect patent infringement may be predicated on either inducement or contributory infringement.  35 U.S.C. § 271(b), (c).  Rothschild stated claims for indirect infringement, in the form of inducement of infringement and contributory infringement, in its Complaint.  (Dkt. No. 1, ¶ 13.)  A court must evaluate whether such allegations of indirect infringement are sufficient under the *Twombly/Iqbal* standard.  *In re Bill of Lading Transmission & Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012); *InMotion,* 2012 WL 3283371, at *2; *Elan Microelectronics Corp. v. Apple, Inc.*, No. 09-01531, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009).  Applying this standard, Rothschild fails to meet the minimum pleading requirements for its indirect infringement allegations.  Rothschild's allegations amount to nothing more than a conclusory assertion that MBUSA indirectly infringes the '090 patent.  Thus, these claims should be dismissed.[3]

---

[2] A motion to dismiss a complaint for failure to state a claim upon which relief can be granted is a purely procedural question of law.  Accordingly, the law of the regional circuit controls.  *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007).

[3]  If the Court grants Rothschild an opportunity to file an amended complaint, any such amended complaint should be required to comply with current pleading requirements for both indirect infringement <u>and</u> direct infringement, both of which must meet the *Twombly/Iqbal* standard based on removal of the Appendix of Forms and related Rule 84 from the Federal Rules of Civil Procedure.  Mere adherence to Form 18 is no longer sufficient for allegations of direct

### A.      Rothschild's Inducement Allegations Are Insufficient.

When a single actor induces another actor to commit all the elements of infringement, the first actor is liable for induced infringement.  *See* 35 U.S.C. § 271(b) ("Whoever actively induces infringement of a patent shall be liable as an infringer.").  A plaintiff claiming induced infringement must prove an act of direct infringement that the defendant knowingly induced with the specific intent to encourage infringement.  *Core Wireless Licensing*, 2015 WL 4910427 at *3 (citing *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005)).

Inducement further requires a showing that the accused inducer have knowledge that the induced acts constitute patent infringement*.  Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 131 S. Ct. 2060, 2068 (2011); *see also DSU Med. Corp. v. JMS Co*., 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc) ("inducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement").  As a pre-requisite to this, an accused inducer must have knowledge of the patent.  *See DSU Med.*, 471 F.3d at 1304 ("The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent.").  The accused inducer must also intend to cause others to actually infringe the patent; it is not enough that an accused inducer merely intend to cause others to perform certain acts and

---

infringement.  Rothschild's allegations of direct infringement amount to nothing more than conclusory statements of liability.  The Complaint does not identify the allegedly infringed claims or allegedly infringing products with any degree of precision; nor does it provide any explanation as to how the accused products meet the claims.  Rather, Rothschild simply identifies an exemplary claim and identifies the "Mercedes MBrace system, and related connectable components, which may operate in connection with these systems," and provides a vague description of the how these products allegedly operate without addressing how that operation meets the claims.  (Dkt. No. 1, ¶¶ 13-14.)

those acts ultimately are found to infringe. *Global–Tech*, 131 S.Ct. at 2068 ("We now hold that induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement.").

Rothschild's Complaint fails to allege any facts relevant to a claim of inducement, let alone facts sufficient to support a reasonable inference that MBUSA meets all of the elements of a claim for inducement of infringement. Rothschild's Complaint contains only the conclusory assertion that MBUSA "has infringed and continues to infringe the '090 patent either directly or through acts of contributory infringement or inducement." (Dkt. No. 1, ¶ 13.) At no point does the Complaint recite any actual facts to support this assertion.

The Complaint fails to allege that MBUSA had knowledge of the '090 patent, an underlying act of direct infringement by others, or that MBUSA knowingly induced infringement and possessed specific intent to encourage infringement. (Dkt. No. 1 ¶¶ 13-14.) It identifies no facts at all regarding its inducement claim, let alone facts that, if assumed true, could support a finding that MBUSA has even encouraged its customers to perform acts that MBUSA knew would constitute infringement. As these are required elements of inducement, Rothschild's Complaint fails to state a claim on its face and must be dismissed. *Iqbal*, 556 U.S. at 678 (to "survive a motion to dismiss, a complaint must contain sufficient factual matter" to provide a court with enough plausible evidence to "draw the reasonable inference that the defendant is liable for the alleged misconduct").

**B.     Rothschild's Contributory Infringement Allegations are Insufficient.**

A party is liable for contributory infringement if he or she "offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially

adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c).  "[T]o succeed on a claim of contributory infringement, in addition to proving an act of direct infringement, plaintiff must show that defendant knew that the combination for which its components were especially made was both patented and infringing and that defendant's components have no substantial non-infringing uses." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009) (internal quotations omitted); *see also Core Wireless Licensing*, 2015 WL 4910427 at *3.

Rothschild's contributory infringement allegations fail for the same reason that its inducement claims fail—namely, they are wholly conclusory.  Again, the Complaint lacks any factual allegations of an act of direct infringement, or that MBUSA had knowledge of the '090 patent. (*See* Dkt. No. 1, ¶¶ 13-14.)  Rothschild's Complaint also fails to allege that the accused products are especially made or especially adapted for use in an infringement of the '090 patent, or that the accused products have no substantial non-infringing use. (*Id.*)  Nor does the Complaint allege that MBUSA had any such knowledge that this would be the case. (*Id.*)

The Complaint only provides an unsupported conclusion that MBUSA has contributed to infringement.  This bald assertion is insufficient to set forth a claim for which relief can be granted. *See*, *e.g.*, *Core Wireless Licensing*, 2015 WL 4910427 at *5 (dismissing contributory infringement claim where the "complaint fails to identify the components of the accused products used to infringe the asserted patents, and is devoid of any facts from which the Court can plausibly infer that any components of the products being sold have 'no substantial non-infringing uses'"); *InMotion,* 2012 WL 3283371, at *4 (same); *Wright Mfg., Inc. v. Toro Co.*, No. 11-1373, 2011 WL 6211172, at *3-4 (holding that "highly generalized statements" that defendants are "aiding and causing distributors and/or dealers to sell and offer to sell mowers" did not satisfy *Twombly*).

Again, these deficiencies are fatal to Plaintiffs' claims for contributory infringement under *Twombly/Iqbal*.

## V. CONCLUSION

For the foregoing reasons, MBUSA respectfully requests that this Court dismiss Rothschild's allegations of indirect infringement.

Respectfully submitted,

**MANN | TINDEL | THOMPSON**
300 West Main Street
Henderson, Texas 75652
(903) 657-8540
(903) 657-6003 (fax)

By: _/s/ J. Mark Mann_
**J. Mark Mann**
State Bar No. 12926150
Mark@TheMannFirm.com
**G. Blake Thompson**
State Bar No. 24042033
Blake@TheMannFirm.com

**ATTORNEYS FOR
MERCEDES-BENZ USA, LLC.**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE]- Document Filing System, to all counsel of record, on this 8th day of January, 2016.

                        */s/ J. Mark Mann*
                        **J. Mark Mann**